UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WINTER ENTERPRISES, LLC, | : | Case No. 1:17-cv-360 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| WEST BEND MUTUAL | : | |
| INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT (Doc. 11),
DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 9), AND
GRANTING PLAINTIFF'S MOTION FOR JURY TRIAL (Doc. 16)**

This civil action is before the Court regarding Defendant's motion to dismiss

(Doc. 9), Plaintiff's motion for leave to file second amended complaint (Doc. 11), and

Plaintiff's motion for jury trial (Doc. 16), as well as all responsive memoranda.

## I.      BACKGROUND

Plaintiff Winter Enterprises, LLC is a limited liability company organized and

existing under the laws of the state of Ohio.  (Doc. 11-1, at 1).  Plaintiff owns the real

property commonly known as 1631 Sherman Avenue, Norwood, Hamilton County, Ohio

45212, at which Plaintiff operates an entertainment business, including a roller rink with

related goods and services (hereinafter "the Property").  (*Id.*).  Defendant West Bend

Mutual Insurance Co. is an insurance corporation with a principal place of business

located in Wisconsin.  (*Id.*).  Plaintiff purchased a commercial insurance policy from

Defendant  providing that Defendant would ensure the Property from covered losses in

exchange for Plaintiff's payment of insurance premiums (hereinafter "the Policy"). (*Id.* at 2). Plaintiff remained current on the payment of premiums to Defendant for all relevant time periods. (*Id.*).

On or about August 28, 2016, a significant storm caused damage to the Property, including a partial collapse of the roof. Plaintiff alleges that the loss from this damage was in excess of $1,215,000 and was covered by the Policy. (*Id.* at 3). Plaintiff timely notified Defendant of the damage to the Property and provided the necessary documentation of loss under the Policy's requirements. (*Id.*). Defendant reviewed the information provided and eventually authorized what Plaintiff claims is only a partial repair. (*Id.*). Plaintiff alleges that this partial repair is ineffective, diminishes the value of the Property, and amounts to a breach of the insurance contract between the parties. (*Id.*).

Plaintiff's allegations against Defendant go beyond breach of contract, as Plaintiff claims that Defendant acted in bad faith by performing an inadequate and incomplete investigation into Plaintiff's claimed losses. Specifically, Plaintiff alleges that Defendant was provided with a written engineering report supporting Plaintiff's claim of extensive damage, but clearly did not consider the contents of the report as Defendant's written denial of Plaintiff's extensive loss claims was issued less than four hours after that report was given to Defendant. (*Id.* at 6). Plaintiff also claims that Defendant never bothered to prepare an estimate for damages to the portion of Plaintiff's claim accounting for a collapsed wall at the Property. (*Id.*). Based on these allegations, Plaintiff claims that "Defendant wrongfully intended to deny [Plaintiff's] claim from the inception." (*Id.*).

Plaintiff initially filed this suit in the Hamilton County Court of Common Pleas on April 27, 2017.  (Doc. 1, at 1).  Defendant was served on May 8, 2017, and timely removed the suit to this Court on May 25, 2017.  (Doc. 1).  Plaintiff filed an amended complaint in this Court on May 26, 2017, raising the following claims:

| | |
|---|---|
| **Count 1:** | Breach of contract—Warehouse/Garage Area |
| **Count 2:** | Breach of Contract—Roller Rink/Alley Way Area |
| **Count 3:** | Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing |
| **Count 4:** | Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing |
| **Count 5:** | Bad Faith |
| **Count 6:** | Unfair Trade Practices |

(Doc. 3, at 2–8).

Defendant filed a motion to dismiss Counts 3–6 of the amended complaint in June 28, 2017.  (Doc. 9).  Plaintiff filed a response in opposition to that motion along with a motion to file a second amended complaint on June 19, 2017.  (Doc. 11; Doc. 12).  Defendant filed a memorandum in opposition to Plaintiff's motion to file a second amended complaint, arguing that any such amendment would be futile.  (Doc. 14).  Additionally, Plaintiff filed a motion for jury trial pursuant to Fed. R. Civ. P. 39(b) on August 9, 2017, as Plaintiff's initial complaint had not contained a demand for a jury trial and the deadline for demanding a jury trial under Fed. R. Civ. P. 38(b) had long passed.  (Doc. 16).  Defendant has opposed Plaintiff's motion for a jury trial.  (Doc. 17).  All three pending motions are now ripe for review.

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2)).

## III.    ANALYSIS

### A.    Plaintiff's motion for leave to file second amended complaint (Doc. 11)

As part of its response to Defendant's motion to dismiss, Plaintiff filed a motion for leave to file a second amended complaint that Plaintiff alleges moots all of the concerns raised in Defendant's motion.  (Doc. 11).  Defendant opposes Plaintiff's motion.

The time period in which Plaintiff would have been allowed to amend its complaint as a matter of course without permission of the Court has expired.  *See* Fed R. Civ. P. 15(a)(1).  However, this Court may still grant Plaintiff permission to file a second amended complaint, and the Federal Rules of Civil Procedure instruct the Court to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a) is interpreted liberally in this regard and, in the absence of undue delay, bad faith or dilatory motive on the part of the party proposing an amendment, leave should be granted. *Foman v. Davis*, 371 U.S. 178 (1962); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971).  In expanding upon these decisions, the Court of Appeals for the Sixth Circuit has noted that, in determining what constitutes prejudice, the Court considers whether the assertion of a new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial, significantly delay the resolution of the dispute, or prevent the Plaintiff from bringing a timely action in another jurisdiction. *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) (internal citation

omitted).

Although this case has been pending for some time, it is still in the very early stages. No discovery calendar or trial date has been set by this Court. Accordingly, the prejudice against Defendant by permitting Plaintiff to file an amended complaint is low.

Defendant's primary argument against permitting Plaintiff to file its second amended complaint is that the newly proposed complaint, (a copy of which was attached to Plaintiff's motion for leave to amend), is futile. A court may deny a motion for leave to amend where "the proposed amendment would be futile . . ." *Kottmyer v. Mass*, 436 F.3d 684, 692 (6th Cir. 2006) (citing *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(B)(6) Motion to Dismiss." *Rose v. Hartford Underwriters Inc. Co.*, 2003 F.3d 417, 420 (6th Cir. 2000).

The Court does not agree that Plaintiff's second amended complaint is futile such that it cannot survive a motion to dismiss. Substantive discussion of the Court's conclusion in this matter can be found in the section of this Order addressing Defendant's motion to dismiss. *See* Part III.B., *infra*. Accordingly, Defendant's argument against permitting the filing of a second amended complaint is without merit.

Defendant also argues that, even if this Court permits the filing of Plaintiff's second amended complaint, the Court should strike the jury demand from that complaint. (Doc. 14, at 8–10). Defendant's argument in this regard is meritorious. Plaintiff did not request a jury trial in either its initial complaint filed in state court or its first amended complaint filed in this court. The Federal Rules of Civil Procedure state that "[o]n any

issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served . . ." Fed. R. Civ. P. 38(b). The Rules further state that "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). The "last pleading" directed to the issue was Defendant's answer and counterclaim filed June 30, 2017. (Doc. 10). Plaintiff therefore waived its right to a jury trial when it had not issued a jury demand as of July 14, 2017. Plaintiff's proposed second amended complaint, which essentially consolidates the claims of its earlier complaint into fewer claims, cannot serve to renew Plaintiff's right to a jury trial given the previous waiver. *See Seal v. United Cerebral Palsey Assn.*, 1990 WL 39256, at *2 (E.D. Pa. Mar. 3rd, 1990) (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d. Cir. 1977)) ("[T]he right to trial by jury of all matters contained in those pleadings cannot be revived by amending the original pleadings.").

Plaintiff has filed a separate motion for a jury trial despite its waiver. (Doc. 16). Fed. R. Civ. P. 39(b) allows Plaintiff to file such a motion, and leaves the decision of whether to permit a jury trial at the discretion of the Court. Plaintiff's motion is considered separately from the motion for leave to amend. *See* Part III.C, *infra*. However, Plaintiff's attempt to revive its right to a jury trial through an amended complaint is impermissible, and shall be stricken.

Accordingly, Plaintiff's motion for leave to file a second amended complaint (Doc. 11) is granted. Plaintiff's demand for a jury trial shall be stricken from its second amended complaint.

**B.      Defendant's motion to dismiss (Doc. 9)**

Defendant's motion to dismiss initially sought to dismiss Counts 3–6 of Plaintiff's first amended complaint.  In response, Plaintiff filed a proposed second amended complaint that eliminated counts 3, 4, and 6, consolidating the claims into one claim of bad faith.  (Doc. 11-1, at 5–7).  Defendant did not file a reply in support of its motion to dismiss, but did file a response in opposition to Plaintiff's motion for leave to file a second amended complaint claiming that the arguments in the motion to dismiss could be equally applied to the bad faith claim in the proposed second amended complaint.  (Doc. 14, at 2).  This Court has granted Plaintiff's motion for leave to file a second amended complaint.  *See supra* Part III.A.  Accordingly, the arguments from Defendant's motion to dismiss shall be applied to the sole remaining disputed claim in the second amended complaint—Plaintiff's claim alleging bad faith.

The appropriate test to determine whether an insurance company breached its duty of good faith in denying an insured's claim(s) under the insurance policy is the "reasonable justification" standard.  *Marsteller v. Sec. of Am. Life Ins. Co*., 2002 WL 31086111, at *4 (N.D. Ohio Sep. 12, 2002) (citing *Friendly Farms v. Reliance Ins.* Co., 79 F.3d 541, 545–46 (6th Cir. 1996)); *Zoppo v. Homestead Ins.* Co., 71 Ohio St.3d 552, 554, 644 N.E.2d 397 (1994) (finding that over the past forty years the Supreme Court of Ohio has consistently applied the "reasonable justification" standard to bad faith cases)).  Significantly, an insured lacks reasonable justification only when it acts in an arbitrary and capricious manner.  *Gerkin v. State Auto Ins. Co. of Ohio*, 2014-Ohio-4428, ¶48, 20 N.E.3d 1031 (citing *Captain v. United Ohio Ins. Co.*, 2010-Ohio-2691, ¶30); *Hoskins v.*

*Aetna Life Ins. Co.*, 452 N.E.2d 1315, 1320 (Ohio 1983)); *see also Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 399 (Ohio 1994). Under the reasonable justification standard, the crucial inquiry is whether "the decision to deny benefits was arbitrary or capricious, and there existed a reasonable justification for the denial," not whether the insurance company's decision to deny benefits was correct. *Raugh Rubber, Inc. v. Berkshire Life Ins. Co.*, 1999 WL 1253062, at *2 (6th Cir. Dec. 16, 1999) (citing *Thomas v. Allstate Ins. Co.*, 974 F.2d 706, 711 (6th Cir. 1992)). "Arbitrary" means "involving a determination made without consideration of or regard for the facts, circumstances, fixed rules, or procedures." *Black's Law Dictionary*, 10th Ed. 2014. "Capricious" means "characterized by or guided by unpredictable or impulsive behavior; likely to change one's mind suddenly or to behave in unexpected ways" or "contrary to the evidence or established rules of law." *Black's Law Dictionary*, 10th Ed. 2014.

Defendant's proposed second amended complaint contains several factual assertions to support Plaintiff's claim that Defendant breached its duty to act in good faith. The following accusations are contained in the proposed second amended complaint:

- "Defendant failed to properly investigate the claims. Defendant led Plaintiff to believe that it was adjusting the claim while, in fact, Defendant wrongfully intended to deny the claim from the inception." (Doc. 11-1, at 6).

- "Defendant did not properly analyze the cause of the loss or applicable coverage. For example, when provided with the GEI engineering report, Defendant made no effort to review the analysis and evidence, nor could it have done so as it issued a written denial for the loss less than four business hours after it received the GEI report." (*Id.*).

- "Upon information and belief, Defendant never prepared an estimate for damages for the collapsed wall portion of the claim as Plaintiff never received an estimate for such losses. Such failure is indicative of the intent to deny the claim from the outset." (*Id.*).

- "Defendant further refused Plaintiff's reasonable requests for information, including, without limitation, a request for a copy of the insurance policy, until Plaintiff retained counsel. Even then, a certified copy of the policy was not provided until it was attached to Defendant's Answer on June 30, 2017 despite such a request being made by email on April 7, 2017, and prior to that time orally." (*Id.*).

- "Defendant did not fully and properly adjust the loss for the roof collapse and improperly denied in whole the wall collapse portions of the claim." (*Id.*).

Defendant argues that, even if taken as fact as required in the evaluation of a motion to dismiss, none of Plaintiff's accusations would support a claim of bad faith. However, several of Plaintiff's allegations could be seen by a reasonable juror as evidence that Defendant's determination regarding Plaintiff's claim was arbitrary and not based on all the available evidence.  Plaintiff's claim that Defendant ignored a contrary engineering report and denied Plaintiff's claim only four hours after receiving the report is particularly supportive of a bad faith claim.  Defendant, perhaps recognizing that this is Plaintiff's strongest point, claims that Plaintiff has made a "material misrepresentation" to the Court and that Defendant in fact reviewed the GEI Engineering report.  (Doc. 14, at 7).  However, in evaluating the motion to dismiss the Court must view this factual dispute in Plaintiff's favor.

A reasonable juror taking all the facts in Plaintiff's complaint as true could find that Defendant engaged in bad faith in its review of Plaintiff's insurance claim. Accordingly, Defendant's motion to dismiss is denied.

### C.     Plaintiff's motion for jury trial (Doc. 16)

As previously discussed, Plaintiff has waived its right to a jury trial through its failure to issue a demand in either its original complaint in state court or its complaint initially filed before this Court. *See supra* Part III.A. Plaintiff has accordingly filed a motion for jury trial pursuant to Fed. R. Civ. P. 39(b), which states:

> (b) When No Demand Is Made. Issues on which a jury trial is not properly demanded are to be tried by the court. *But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.*

(emphasis added).

Once a waiver has occurred by the failure to make a jury demand, it becomes discretionary with the trial judge to grant a jury trial. *Local 783, Allied Indus. Workers of America, AFL-CIO v. Gen. Elec. Co.*, 471 F.2d 751, 755 (6th Cir. 1973). When exercising that discretion under Fed. R. Civ. Pro. 39(b), "the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Local 783, Allied Indus. Workers of America, AFL-CIO* at 755 (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965)).

Defendant's response in opposition to the motion for a jury trial primarily discusses the irrelevant issue of Plaintiff's waiver of his jury right. Although Plaintiff did attempt to argue against waiver in its motion to file a second amended complaint, the motion for jury trial acknowledges Plaintiff's waiver but asks the Court to nevertheless use its inherent power to grant a jury trial. Defendant's response fails to adequately articulate "strong and compelling reasons" why the Court should reject Plaintiff's request. Defendant's primary reason for opposing a jury trial is "the innate distaste and

lack of trust the general public, i.e. jurors, have towards insurance companies." (Doc. 17, at 4). This Court does not share Defendant's apparent lack of faith in the impartiality of the jury system. At this early stage in the litigation, prior to the entry of a discovery calendar, with no exceptional circumstances that would prejudice Defendant, it is appropriate for this Court to grant Plaintiff's request for a jury trial, despite Plaintiff's previous waiver.

Accordingly, Plaintiff's motion for jury trial (Doc. 16) is granted.

## IV.    CONCLUSION

Accordingly, for the reasons articulated above,

1) Plaintiff's motion for leave to file a second amended complaint (Doc. 11) is **GRANTED.** Plaintiff shall file its second amended complaint separately into the record forthwith. Plaintiff shall remove the jury demand from the second amended complaint, as Plaintiff has waived its right to demand a jury trial.

2) Defendant's motion to dismiss (Doc. 9) is **DENIED.**

3) Plaintiff's motion for jury trial (Doc. 16) is **GRANTED.**

**IT IS SO ORDERED.**


Date: _____3/28/18_____                    _Timothy S. Black_____
                                           Timothy S. Black
                                           United States District Judge