# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| WINTER ENTERPRISES, LLC, | : | Case No. 1:17-cv-360 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| WEST BEND MUTUAL INSURANCE | : | |
| CO., | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING
## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 83)
## AND REOPENING DISCOVERY FOR A PERIOD OF SIXTY DAYS

This civil action is before the Court on the following nine pending motions:

(1) Defendant's motion for summary judgment (Doc. 51), (2) Plaintiff's partial motion to deny, or alternatively, extend time to respond to Defendant's motion for summary judgment (Doc. 63), (3) Plaintiff's motion to strike Defendant's motion for summary judgment (Doc. 65), (4) Defendant's motion for leave to file sur-reply (Doc. 81), (5) Defendant's motion for judgment on the pleadings (Doc. 83), (6) Plaintiff's motion for sanctions (Doc. 84), (7) Defendant's motion to strike supplemental expert report of Richard Graman (Doc. 100), (8) Defendant's motion for sanctions (Doc. 104), and (9) Defendant's motion for leave to reopen discovery (Doc. 106). Each motion has been fully briefed and is ripe for adjudication.

# I.    BACKGROUND

Plaintiff Winter Enterprises, LLC ("Winter") owns and operates a business in Hamilton County, Ohio that includes a roller rink and related goods and services ("the Property"). (Doc. 22 ¶ 2). Winter purchased a commercial insurance policy from Defendant West Bend Mutual Insurance Co. ("West Bend") insuring the Property from covered losses in exchange for premium payments ("the Policy"). (*Id.* ¶ 11). A storm consisting of heavy rain and strong wind caused damage to the Property on or around August 28, 2016, including a partial collapse of the roof and the collapse of an exterior wall, resulting in significant water infiltration. (*Id.* ¶¶ 12-15). As a result of the damage, Plaintiff asserts losses exceeding $1,215,000, which it claims are covered by the Policy. (*Id.* ¶¶ 16-17).

Plaintiff made a claim of coverage to the Defendant, and, in response, Defendant authorized only a partial repair of the roof and did not authorize any repairs related to collapsed wall. (*Id.* ¶¶ 18-20, 44). Plaintiff's second amended complaint alleges the "partial repair is ineffective, diminishes the value of the building, impacts the integrity of the roof and does not fulfill Defendant's obligations under the Policies." (*Id.* ¶ 21). Based on these factual allegations, Plaintiff asserts the following three counts: (1) breach of contract, (2) declaratory judgment, and (3) bad faith. (*Id.* ¶¶ 26-47). Defendant has asserted a counterclaim seeking a declaratory judgment that (1) by failing to cooperate in the investigation of the claims, Plaintiff breached the terms and conditions of the Policy, disentitling Plaintiff to any coverage under the policy, and (2) Defendant has no duty to cover claims related to the collapsed wall. (Doc. 27 at 18).

2

On November 19, 2018, Defendant West Bend filed a motion for summary judgment arguing that it did not breach its insurance contract with Winter or engage in bad faith when handling Plaintiff's insurance claim. (Doc. 51). In response, Plaintiff filed two motions: (1) a partial motion to deny, or alternatively extend time to respond to Defendant's motion for summary judgment, requesting the Court to defer ruling on Defendant's motion for summary judgment until discovery on the bad faith claim is completed (Doc. 63), and (2) a motion to strike Defendant's motion for summary judgment (Doc. 65).

Before the Court adjudicated Defendant's motion for summary judgment and Plaintiff's subsequent, related motions, Defendant next filed a motion for judgment on the pleadings. (Doc. 83). Defendant's motion for judgment on the pleadings seeks judgment in its favor on Plaintiff's claims related to the collapsed exterior wall. (*Id.* at 1). More specifically, Defendant argues that because a 2016 report by Plaintiff's expert, Richard Graman, attached to Plaintiff's second amended complaint, states that surface water was a potential factor, (along with wind and a tree collapse), contributing to the collapse of the wall, the damage is not covered because of the Policy's water-exclusion provision and "anti-concurrence" clause.[1] (*Id.* at 5-6).

---

[1] The anti-concurrence clause in the Policy states: "We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss." (Doc. 83 at 6). The "Water Exclusion Endorsement" excludes coverage for damage caused by water, including flooding and surface water. (*Id.*). The policy further states that "[a]n example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water." (*Id.* at 7).

In response, Plaintiff seeks — to the extent Defendant's motion for judgment on the pleadings is considered — to further amend its complaint by attaching an updated report of Richard Graman, in which Graman employs a different method to calculate the force of the tree collapse to conclude that "there are three factors [wind, tree collapse, and surface water] that *may* have contributed to the collapse of the [wall];" however, "but for the impact of the tree . . . the wall would not have collapsed." (Doc. 94 at 2-3, 7; Doc. 94-1 at 3) (emphasis added). Defendant proceeded to file a separate motion to strike the supplemental expert report of Graman on the ground that the report is an untimely rebuttal expert report. (Doc. 100).

Moreover, both parties have filed motions for sanctions (Doc. 84; Doc. 104), and Defendant has filed a motion for leave to reopen discovery. (Doc. 106).

## II.     DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court can address the merits of Defendant's motion for judgment on the pleadings, the Court must first determine whether Defendant has demonstrated good cause to excuse its untimely filing of the motion. The initial calendar order entered in this case set a deadline of May 31, 2018 for motions directed to the pleadings and a dispositive motions deadline of October 31, 2018. (Doc. 25). On October 1, 2018, at the parties' joint request, the Court extended the dispositive motions deadline to November 15, 2018. (Doc. 37). The amended calendar order did not extend the already-expired deadline for motions directed at the pleadings. Defendant timely filed a motion for summary judgment by the dispositive motions deadline, then proceeded to file the instant motion for judgment on the pleadings on January 21, 2019 — over seven months after the

deadline for motions directed to the pleadings and over two months after the deadline for dispositive motions.  (Doc. 83).

Federal Rule of Civil Procedure 12(c) provides that a party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Moreover, once a scheduling order deadline passes, a party must demonstrate good cause under Federal Rule of Civil Procedure Rule 16(b) for failure to adhere to the deadline.  *See, e.g.*, *Stillwagon v. City of Del.*, 175 F. Supp. 3d 874, 892 (S.D. Ohio 2016) (finding motion for judgment on the pleadings timely because the motion would not delay trial and was filed "considerably in advance" of the dispositive motions deadline); *Christian v. Mich. Dep't of Corr.*, No. 13-13416, 2014 U.S. Dist. LEXIS 89959, at *2-3 (E.D. Mich. July 2, 2014); *Birge v. Dollar Gen. Corp.*, No. 4-2531, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006); *cf. Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (applying Rule 16(b)'s good cause standard to an untimely motion for leave to amend despite otherwise wide latitude for amendments under Rule 15(a)).

Defendant's motion fails under both standards, as the motion has delayed the case, and Defendant has not demonstrated good cause for its failure to adhere to the case calendar.

Defendant asserted in its reply brief that the motion for judgment on the pleadings filed on January 21, 2019 would not delay trial, scheduled for April 8, 2019.  Time has proven that to be wishful thinking.  On February 26, 2019, the Court vacated the trial date, in light of the parties' scheduled settlement conference and the litany of pending

motions, including defendant's motion for summary judgment and motion for judgment on the pleadings. The trial date has not yet been rescheduled. Filing a dispositive motion aimed at a substantial portion of Plaintiff's damages approximately two months away from trial, after having already filed motion for summary judgment, has certainly contributed to the delay in this case.

West Bend has also failed to demonstrate "good cause" for its failure to comply with the calendar order. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.* 281 F.3d 613 (6th Cir. 2002). Courts also consider possible prejudice to the opposing party. *Id.* Here, despite acknowledging the applicability of Rule 16(b), Defendant offers <u>no explanation</u> whatsoever for filing its motion for judgment on the pleadings seven months after the deadline for motions directed at the pleadings and two months after the deadline for dispositive motions. Nor does Defendant acknowledge having already filed a motion for summary judgment, in which Defendant could have seemingly raised its water-exclusion/anti-concurrence clause argument.[2] In addition, permitting Defendant to seek a ruling on a substantial portion of Plaintiff's claims after the close of discovery and submission of expert reports, based solely on the second amended complaint and the attached 2016 report of Richard Graman, which has since been supplanted by a 2017 expert report, would prejudice the Plaintiff. Thus, because Defendant has not so much as alleged diligence in attempting to

---

[2] Defendant raises this argument for the first time in its reply brief in support of its motion for summary judgment. (*See* Doc. 74 at 8).

comply with the calendar order, and because considering the motion at this stage would prejudice Winter, the Court finds that Defendant has failed to demonstrate good cause for its belated motion for judgment on the pleadings.

Rather than attempt to show diligence, Defendant argues the Court should consider its untimely motion for the sake of efficiency, as the motion presents a purely legal issue that will have to be resolved before or in the course of trial. (Doc. 99 at 3-4) (citing *Eischeid v. Dover Const., Inc.*, 217 F.R.D. 448, 455 (N.D. Iowa 2003)). However, the Court does not find that considerations of efficiency warrant excusing West Bend from the dictates of Rule 16. Doing so would undermine the purpose of the scheduling order, exemplified by the haphazard progress of this case.

In addition, Defendant presents its water exclusion argument as a cut-and-dry inquiry, arguing that because Plaintiff's 2016 expert report states water contributed to the wall's collapse, the damage is not covered. However, the Court is not convinced that the precedent cited by Defendant, which involves multiple, undisputed causes of property damage, is conclusive here (at least as to the damage to the wall itself) where three forces — wind, water, and a tree collapse — simultaneously acted on the wall, with the parties' experts disagreeing on the water's contribution. The parties have failed to fully brief the causation issue, and the Court is reluctant to make a ruling at this late stage in the litigation based solely on the Plaintiff's expert's 2016 report. Therefore, Defendant's motion for judgment on the pleadings is dismissed as untimely.

### III. CROSS MOTIONS FOR SANCTIONS AND DEFENDANT'S MOTION TO REOPEN DISCOVERY

Also pending before the Court are the parties' cross-motions for sanctions (Docs. 84, 104) and the parties' responsive briefing (Docs. 93, 101, 109, 114). In addition, Defendant filed a related motion to reopen discovery (Doc. 106), which has been fully briefed (Docs. 110, 115).

Both sides come before the Court with unclean hands; and thus, the Court declines to grant the severe sanctions sought by the Plaintiff. To the extent both sides engaged in misconduct in the course of discovery, an extension of the period of discovery will sufficiently alleviate prejudice to either party and get the case back on track for a timely resolution on the merits.

Plaintiff seeks sanctions pursuant to Federal Rules of Civil Procedure 26(g) and 37, as well as the Court's inherent authority based on alleged misconduct relating to two categories of discovery: (1) written discovery and (2) depositions. (Doc. 84). Plaintiff argues that West Bend did not fully comply with Plaintiff's discovery requests, withholding relevant, non-privileged information — exemplified by a belated disclosure of its "Claim Activity Log" and 263 pages of documents prior to a December 2018 discovery call with the Court. (*Id.* at 13-16). Plaintiff specifically notes that Defendant continues to withhold the underwriting file on the basis of privilege, without having provided a privilege log. (*Id.* at 16).

In addition, Plaintiff asserts that defense counsel made numerous improper "speaking objections" during the depositions of two defense witnesses and that the

designated representative of West Bend, Cathy Lanier, was not able to answer questions during her deposition regarding "Defendants' Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents," a subject area identified in Plaintiff's notice of deposition. (*Id.* at 17-30; Doc. 54 at 3). As a sanction for this alleged conduct, Plaintiff seeks default judgment on the issue of liability, or alternatively, that the Court reopen all discovery and exclude all witnesses and evidence proffered by West Bend, plus attorney's fees and costs associated with the sanctions motion. (Doc. 84 at 39).

In response, West Bend admits to inadvertently delaying disclosure of the 263 documents identified by Plaintiff, but denies Plaintiff's assertion that it acted in bad faith. (Doc. 93, at 17, 25-26). As a concession, West Bend has offered to reopen depositions, and to pay the court reporter costs and has further stated that West Bend will not oppose efforts by Winter to obtain a bad faith expert. (*Id.* at 17-18, 18 n.36; Doc. 81-2). In addition, Defendant has offered to have its IT department employ search terms provided by Plaintiff to check for any missing documents, at West Bend's expense. (Doc. 93 at 11, 19; Doc. 101 at 10). Plaintiff does not dispute that Defendant has made these offers, but does not believe these measures would adequately offset the prejudice Plaintiff claims to have suffered as a result of preparing its case without complete information.

West Bend separately moves for sanctions under Federal Rule of Civil Procedure 11 and the Court's inherent authority, alleging that Plaintiff filed a frivolous complaint and concealed material documents. (Doc. 104). Here, Defendant reiterates the substantive argument it made in its motion for judgment on the pleadings — asserting

that Plaintiff's claims for recovery related to the collapsed wall are frivolous based on the Policy's water-exclusion and anti-concurrence provisions. (*Id.* at 3-14). Defendant further argues that Plaintiff concealed relevant documents pertaining to the preexisting condition of the Property's roof.[3] (*Id.* at 14-15). Defendant seeks the following sanctions: "(1) penalties sufficient to deter future conduct of a similar nature; and (2) all reasonable attorney's fees, costs, and expenses incurred by West Bend in defending against this litigation." (Doc. 104, at 20).

### A.    Written Discovery

District courts have broad discretion to fashion appropriate sanctions. *Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 306 (6th Cir. 2016); *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 343 (6th Cir. 2002). With respect to Plaintiff's allegation that Defendant failed to produce relevant documents, and Defendant's allegation that Plaintiff failed to produce documents related to repairs/remodeling of the Property's roof, the Court finds that this issue is essentially a "wash." *See State Auto. Mut. Ins. Co. v. Burke*, No. 3:11-cv-536, 2013 WL 1386663, at *2 (E.D. Tenn. Apr. 4, 2013).

Rule 26(g)(3) provides that "[i]f a certification violates this rule without substantial justification, the court, on a motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The

---

[3] Plaintiff's alleged concealment of documents related to the condition of the roof also forms the basis of Defendant's pending motion to reopen discovery. (Doc. 106). Defendant's motion to reopen discovery further asserts that more discovery is needed based on the recent declaration of Craig Johnson of Deer Park Roofing, in which Johnson states he was under the impression that a certain portion of the roof (which collapsed) was going to be torn down to create a different entrance to the property. (*Id.* at 4-5).

sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violations." Defendant violated this Rule by admittedly failing to produce all documents responsive to Plaintiff's document requests. (Doc. 93 at 19). *See, e.g.*, *Lankford v. Reladyne, LLC*, No. 1:14-cv-682, 2015 WL 7888390, at *4 (S.D. Ohio Dec. 4, 2015). While Defendant states this was an inadvertent "mishap," it provides no justification, let alone "substantial justification" for its failure to provide the documents.[4]

However, Plaintiff is guilty of the same. Winter initially responded to Defendant's request for any records related to the "repair" or "replacement" of any portion of the Property by stating "[a]ll documents were destroyed in the loss of August, 2016." (Doc. 104 at 14-15). Then, in December of 2018, Plaintiff produced a commercial appraisal report from HKC Roofing pertaining to proposed work on the Property's roof. (*Id.* at 15; Doc. 56). In a subsequent deposition, Winter testified that he had the appraisal in an e-mail and provided it to counsel, but that the documents were never disclosed in the course of the litigation. (Doc. 95-1, at 13-14). Winter also testified that he provided counsel with documents pertaining to roof work by a second company, Molloy Roofing, that were not disclosed to Defendant. (*Id.* at 15-17). Plaintiff's argument that the roofing appraisals were outside the scope of the request because they did not pertain to the collapsed section of the roof and involved "remodeling" rather than a "replacement" or "repair" are unconvincing. (Doc. 109 at 8-9). Plaintiff provides no other explanation for

---

[4] Defendant's argument that Plaintiff's motion for sanctions should be denied because Plaintiff did not comply with Rule 11's safe harbor provision is misplaced, as Plaintiff does not seek sanctions under Rule 11.

failing to provide these documents.

Although sanctions under Rule 26(g) are mandatory, courts have the discretion to determine an appropriate sanction. Plaintiff rightly points out that Defendant fails to cite to Rule 26, instead relying on the Court's inherent authority to issue sanctions and on Rule 11, which is expressly inapplicable to discovery responses. Fed. R. Civ. P. 11(d); *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 856 (6th Cir. 2010). Yet, this failing on the part of Defendant does not preclude sanctions against Plaintiff under Rule 26, which permits a court to issue sanctions for violations therein "on its own motion." Fed. R. Civ. P. 26(g)(3). As a sanction, based on the parties' incomplete production of documents, the Court will reopen discovery for a period of sixty days. The scope of discovery that each side may pursue during this period of time will be defined below.

The Court does not find additional, more severe sanctions appropriate under the court's inherent authority, as both parties are before the Court with unclean hands. *See Thomas v. Schwab*, No. 09-cv-13632, 2012 WL 6553773, at *1 (E.D. Mich. Dec. 14, 2012). This includes the sanction of default judgment, which is considered a measure of last resort, and requires consideration of, among other things, whether the court warned the sanctioned party that failure to cooperate could result in default and whether less drastic sanctions were imposed or considered. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). The Court has not issued any prior orders in this case warning Defendant of the potential for default with respect to written discovery responses. The sanction of default judgment under Rule 37(b) for failure to comply with a prior discovery order is not on the table, nor would it be appropriate under the

circumstances. However, both parties are now advised that further misbehavior will likely result in the imposition of severe sanctions, including entry of adverse judgment.

On another score, while Plaintiff cites to Rule 37(a), which permits a motion to compel discovery, Plaintiff does not expressly move to compel production of discovery. Plaintiff notes that it requested the underwriting file pertaining to its insurance claim, but that West Bend continues to withhold the file on the basis of privilege without providing a privilege log. (Doc. 84 at 35 n.3). Plaintiff uses the fact of Defendant's withholding of the underwriting file to argue that it does not know to what extent Defendant continues to withhold other relevant information. (*See* Doc. 84-1, at 12). Yet, Plaintiff does not request that the Court compel Defendant to produce the file. Accordingly, the Court will not order as much at this time.

### B.     Deposition Conduct

In addition, the Court finds that sanctions are not warranted based on defense counsel's alleged conduct during the depositions of witnesses Pat Slattery and Mike Fannon, nor based on defense counsel's preparation of West Bend's designated witness, Cathy Lanier. Federal Rule of Civil Procedure 30(d)(2) allows for sanctions, including expenses and attorney's fees, "on a person who impedes, delays, or frustrates the fair examination of the deponent." Plaintiff asserts that defense counsel made numerous "speaking objections" — or coached the witnesses on how to answer — during the depositions of Fannon and Slattery. (Doc. 84 at 18-25). However, upon examining the excerpted transcripts supplied by Plaintiff, the Court finds that defense counsel's objections did not constitute speaking objections or witness coaching. The objections by

Attorney Connick in the excerpt are succinct (aside from the privilege objection, discussed separately) and are followed by counsel allowing the witness to answer. (*Id.*).

Plaintiff also asserts that defense counsel's objections to questions regarding Fannon's conversations with West Bend's counsel prior to his deposition were baseless. (Doc. 18-23). During the deposition, West Bend's counsel argued that the conversation between defense counsel and Fannon, its independent adjuster, was protected by attorney-client privilege. Although there is no Ohio case law on point, existing precedent, at a minimum, *suggests* that attorney-client privilege exists between counsel for an insurance company and that insurance company's independent adjuster. *See Breech v. Turner*, 712 N.E.2d 776, 781 (Ohio Ct. App. 1998) (finding attorney-client privilege protected document containing statements between insured and adjuster investigating the claim). Plaintiff cites no case law in support of its argument to the contrary, either in its motion or reply brief. Plaintiff does point out, in a footnote, that Ohio courts have limited the scope of attorney-client privilege in insurance cases to information obtained by counsel after the denial of a claim. (*See* Doc. 101 at 19 n.2). Yet, the statements at issue here, between Fannon and West Bend's attorney, were made just prior to Fannon's deposition, which occurred after the claim was denied and when litigation was well underway.

Plaintiff also claims defense counsel's objections to questions regarding Fannon's payments as "proprietary" information were "baseless" but does not develop this argument beyond stating that counsel gave no explanation for this objection. (Doc. 84 at 9). Plaintiff also makes, but does not develop, an argument that West Bend's counsel

obstructed the deposition of Slattery by making objections based on "speculation" and "asked and answered." (Doc. 84 at 25). Because these arguments are not adequately developed, the Court will not give them further attention. *See United States v. Winkle*, 477 F.3d 407, 421 (6th Cir. 2007) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). In short, Plaintiff has not demonstrated sanctions are warranted based on defense counsel's conduct at the depositions of Fannon and Slattery.

Plaintiff further claims that sanctions are warranted due to West Bend's failure to adequately prepare its designated representative for her deposition. (Doc. 84 at 26). Rule 30(b)(6) states that in its notice of deposition, a party may name a private corporation, describing "with reasonable particularity the matters for examination." It is then up to the company to designate one or more representatives, who "must testify about information known or reasonably available" to the company. Fed. R. Civ. P. 30(b)(6). Plaintiff's notice of deposition of West Bend's designated representative listed as a topic of inquiry, "Defendants' Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents." (Doc. 54 at 3). West Bend's designated representative, Cathy Lanier, was able to answer questions regarding the *substance* of the documents West Bend produced in response to Plaintiff's request for production, but she was unable to answer questions regarding the methods of collecting the documents or other information in response to Plaintiff's interrogatories — instead deferring to West Bend's "legal department." (Doc. 84 at 26-30; Doc. 93 at 40-41). Based on the notice of deposition, which listed as a topic of the deposition, "Defendants' Responses to

Plaintiff's First Set of Interrogatories and Request for Production of Documents," West Bend adequately prepared its representative to answer questions regarding the substance of those responses. Plaintiff should have more specifically identified that it was seeking information regarding the discovery collection process. Further, there is no evidence in the record that Plaintiff sought a second deposition of Lanier or of someone from the legal department to seek this information. Sanctions are not warranted.

### C. Frivolous Complaint

Finally, Defendant's argument that Plaintiff should be sanctioned under Rule 11 for filing a frivolous complaint is not well-taken. Defendant, repeating the water-exclusion argument from its motion for judgment on the pleadings, argues that Plaintiff's initial and amended complaints assert frivolous claims for damages pertaining to the collapse of the Property's exterior wall, because at various times, Plaintiff's expert has acknowledged that water may have been a contributing cause to the collapse of the Property's exterior wall.[5] (Doc. 104). Defendant argues that *Front Row Theater, Inc. v. American Manufacturer's Mutual Insurance Co.* is definitive on this issue, because, in that case, the Sixth Circuit held that coverage was excluded where water was a "contributing cause" of the damage and where the insurance policy contains both an "anti-concurrence" clause and a water-exclusion provision. (*Id.* at 11) (citing *Front Row Theater*, 18 F.3d 1343, 1347 (6th Cir. 1994)). However, as Plaintiff points out, here —

---

[5] It should be noted that the parties focus their attention on damage to the wall itself rather than damage to the interior of the property following the wall's collapse. Thus, the Court's analysis is similarly limited.

unlike in the case law Defendant cites — the cause of damage to the wall is a contested issue. In *Front Row Theater*, it was uncontested that the excluded event caused *some amount* of damage to the property, whereas here, the parties contest whether the excluded event (surface water) was a cause of damage to the wall, triggering application of the anti-concurrence clause. *See* 18 F.3d at 1347 ("[A]lthough, as the plaintiff argues, some of the water which caused the damage . . . did not fall within the definition of surface water, coverage is still not warranted[,]" [because] "[w]hen damage to an insured's property is caused by both a covered and an excluded event, coverage may be expressly precluded by the language in the policy."). Without addressing the merits of Plaintiff's argument, the Court rejects Defendant's assertion that Plaintiff's complaint(s) assert frivolous claims for damages pertaining to the wall's collapse, particularly bearing in mind that the test for frivolousness under Rule 11 is higher than that of Rule 12(b)(6). *See Tahfs v. Proctor* 316 F.3d 584, 595 (6th Cir. 2003).

## D. Reopening Discovery

Reopening discovery for a period of sixty days, for a limited purpose, will serve as an appropriate sanction for both parties' failure to fully disclose relevant written discovery. In addition, the Court notes that despite the volume of filings, including cross-motions for sanctions, the parties are seemingly in agreement that additional discovery is needed to move this case forward. In response to Defendant's motion for summary judgment, Plaintiff requested that the Court defer ruling on the motion so that it could pursue further discovery related Plaintiff's bad faith claims, including obtaining West Bend's underwriting file. (*See* Doc. 63). Plaintiff also requested that the Court reopen all

discovery, as a lesser, alternative sanction in its sanctions motion. (Doc. 84 at 39). In Plaintiff's motion for sanctions, Plaintiff particularly notes that Defendant continues to withhold the underwriting file. (Doc. 84 at 16). Thus, Plaintiff may take advantage of this renewed discovery period to pursue the underwriting file, or associated privilege log. In addition, as previously offered by the Defendant, Plaintiff may re-depose Cathy Lanier, Mike Fannon, or Pat Slattery for the limited purpose of seeking information pertaining to Plaintiff's bad faith claims, with West Bend paying the court reporting costs. (*See* Doc. 93 at 20 n.39).

Turning to the scope of discovery that Defendant will be able to pursue during this sixty-day period, the Court notes that, in its motion to reopen discovery, Defendant specifically requests an opportunity to:

(1)     Depose relevant and knowledgeable persons at HKC Roofing, Molloy Roofing, and Deer Park Roofing regarding the work they performed, the work they were requested to perform, work they were not requested to perform, condition of the property prior to the storm event, knowledge, if any, regarding the proposed tear down;

(2)     Get relevant documents and depose relevant persons regarding the proposed tear down and condition of the roof predating the storm event;

(3)     Re-depose Scott Winter regarding the proposed tear down and actions taken by him and/or his agents during the claims adjustment and administration process;

(4)     Develop information for and seek leave to amend West Bend's expert disclosures to include a roofing and/or building expert related to the preexisting damage and condition of the property that predated the storm event; and

(5)     Issue additional interrogatories and requests for production of documents related to this issue.

(*Id.* at 7).

Plaintiff does not oppose Defendant's request to reopen discovery to the extent that Defendant is permitted to depose the roofing company representatives, with a two-hour time cap. (Doc. 110 at 9). The Court finds that Defendant's second and fifth requests are too vague, and would unduly prejudice the Plaintiff. Additionally, the Court agrees with Plaintiff that a two-hour time limit on further depositions is appropriate considering the narrow scope of additional information sought.

Accordingly, as a sanction for Plaintiff's failure to disclose relevant information related to the condition of the roof, Defendant will be permitted to use the reopened period of discovery to (1) "Depose relevant and knowledgeable persons at HKC Roofing, Molloy Roofing, and Deer Park Roofing regarding the work they performed, the work they were requested to perform, work they were not requested to perform, condition of the property prior to the storm event, knowledge, if any, regarding the proposed tear down," (2) "Re-depose Scott Winter regarding the proposed tear down and actions taken by him and/or his agents during the claims adjustment and administration process," and (3) "Develop information for and seek leave to amend West Bend's expert disclosures to include a roofing and/or building expert related to the preexisting damage and condition of the property that predated the storm event." (Doc. 106 at 7). Each additional deposition shall be limited to two hours.[6]

---

[6] As such, Defendant's motion to reopen discovery (Doc. 106) is granted in part, to the extent that the Court has permitted Defendant to pursue this additional discovery.

## IV.    REMAINING PENDING MOTIONS

A further matter that must be addressed is Plaintiff's request for leave to amend its complaint in order to attach an updated report of its expert Richard Graman. (Doc. 94 at 7).  Plaintiff made this request in response to Defendant's motion for judgment on the pleadings, asking that leave to amend the complaint be granted "to the extent the Motion is considered." (*Id.*).  Because the Court does not address Defendant's motion for judgment on the pleadings, Plaintiff's request is moot.  Relatedly, Defendant's pending motion to strike supplemental expert report of Richard Graman (Doc. 100) is denied as moot.  To the extent Plaintiff wishes to supplement the expert report of Richard Graman, it may file a motion to that effect.  The Court notes that Federal Rule of Procedure 26(e) requires supplementation of expert reports known to be "incomplete or inaccurate." However, supplementation is limited to "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Antioch Co. Litig. Trust v. McDermott Will & Emery, LLP*, No. 3:09-cv-218, 2016 WL 8257680, at *2 (S.D. Ohio July 15, 2016).  Accordingly, Plaintiff should be prepared to adequately justify any supplemental report it wishes to submit, and will not be permitted to "supplement" Graman's report to present a change of opinion based on information known at the time of the previously-submitted report.

Finally, in light of the extended period of discovery, Defendant's motion for summary judgment (Doc. 51) is denied as premature.  Plaintiff's related partial motion to deny, or alternatively, extend time to respond to defendant's motion for summary judgment (Doc. 63) and motion to strike defendant's motion for summary judgment

(Doc. 65), as well as Defendant's motion for leave to file sur-reply (Doc. 81), are each denied as moot.

## V.    CONCLUSION

Based on the forgoing, the Court **ORDERS** that:

1) Defendant's motion for summary judgment (Doc. 51) is **DENIED without prejudice**.

2) Plaintiff's partial motion to deny, or alternatively, extend time to respond to Defendant's motion for summary judgment (Doc. 63) is **DENIED as moot**.

3) Plaintiff's motion to strike Defendant's motion for summary judgment (Doc. 65) is **DENIED as moot**.

4) Defendant's motion for leave to file sur-reply (Doc. 81) is **DENIED as moot**.

5) Defendant's motion for judgment on the pleadings (Doc. 83) is **DENIED as untimely**.

6) Plaintiff's motion for sanctions (Doc. 84) is **GRANTED in part** and **DENIED in part** as set forth in this Order.

7) Defendant's motion to strike supplemental expert report of Richard Graman (Doc. 100) is **DENIED as moot**.

8) Defendant's motion for sanctions (Doc. 104) is **GRANTED in part** and **DENIED in part** as set forth in this Order.

9) Defendant's motion to reopen discovery (Doc. 106) is **GRANTED in part** and **DENIED in part** as set forth in this Order.

10) Discovery is hereby **REOPENED** for a period of sixty days for the limited purposes set forth in this Order.  A Status Conference by telephone is set for 9/30/2019 at 1:30 p.m.  COUNSEL SHALL CALL: 1-888-684-8853; Access code: 8411435; Security code: 123456, and wait for the Court to join the conference.

**IT IS SO ORDERED.**

Date: <u>July 29, 2019</u>

Timothy S. Black
United States District Judge